James R. Ciro and Caroline Ciro v. Commissioner.
Ciro v. Commissioner
Docket No. 58120.
United States Tax Court
T.C. Memo 1958-16; 1958 Tax Ct. Memo LEXIS 217; 17 T.C.M. (CCH) 76; T.C.M. (RIA) 58016; January 31, 1958
*217 Morris M. Grupp, Esq., Mills Tower Building, San Francisco, Calif., and Leon Schiller, Esq., for the petitioners. Nat F. Richardson, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency of $381.38 in the petitioners' income tax for 1951. Issues presented by the pleadings involve the correctness of the respondent's action in disallowing deductions, totaling $2,577, taken by petitioners for contributions, interest, taxes, union dues, income tax service, depreciation of an electric generator set, an automobile and a truck, casualty insurance and expenses for gasoline and oil used in the automobile and the truck. As a result of a stipulation by the parties and a concession by respondent, the issues remaining for determination are the correctness of the respondent's action in disallowing deductions taken for depreciation of the electric generator set, the automobile and the truck, casualty insurance, expenses for gasoline and oil used in the automobile and truck, income tax service and California sales tax. Findings of Fact Some of the facts have been stipulated and are found accordingly. *218 The petitioners are and during 1951 were husband and wife with residence at Comptche, California. They filed their joint Federal income tax return for 1951 with the collector for the first district of California. Since petitioner Caroline Ciro is joined here only by virtue of such joint return, the term "petitioner" will hereinafter be used with reference to James R. Ciro. In 1950 and for several years prior thereto the petitioner was employed by Donald C. Philbrick, Comptche, California, and worked at Philbrick's lumber mill which was situated about 4 miles from Comptche. During that time petitioner and his family lived in a cabin at the mill site which was provided by Philbrick. During 1950 Philbrick gave the petitioner the job of foreman at the lumber mill. Thereafter and throughout 1951 the petitioner continued to be employed in that capacity. The terms of the petitioner's employment as foreman required, among other things, that petitioner continue to live at the mill site and that he be on duty at the mill 6 days a week. The petitioner also was required to make, by his own means of transportation and at his own expense, the trips necessary to obtain repair parts for the machinery *219 at the mill. Early in 1951 the petitioner purchased a new pickup truck at a cost of about $1,600. Thereafter in 1951 the petitioner, on an average of about twice a week, used the truck to travel to Fort Bragg, or to Ukiah, or to Willits, 30 miles, 33 miles and 50 miles, respectively, distant from the mill to obtain repair parts for the mill machinery. The petitioner did not use the truck for any personal purposes during 1951. In 1951 the petitioner owned a 1949 model Chevrolet automobile which he acquired in 1949 at a cost of about $2,400. During 1951 the automobile was used by petitioner's wife to travel to Mendocino, which was about 20 miles distant from the mill, to get the family groceries and to do the family shopping. She also used the automobile to take one of the children to school at Comptche. Twice during 1951 when the truck was in need of repairs, the petitioner used the automobile to go to Willits to get bearings for the mill machinery. About 1949 or 1950 the petitioner acquired at a cost of $300 an electric generator set (small electric light plant) which he set up at the house in which he lived to provide electricity for the house. The set was used by the petitioner *220 during 1951. In their income tax return for 1951 the petitioners took, among others, the following deductions: Depreciation of automobile (3-year
life)
$1,064.50
Depreciation of truck (3-year life)
535.00
Depreciation of electric generator
set (2-year life)
150.00
Expense of gasoline and oil used in
automobile and truck while on
business of employer, not reim-
bursed
158.00
Casualty insurance
78.50
California sales tax
150.00
Income tax service
30.00
In determining the deficiency the respondent disallowed the foregoing deductions. On account of his on-the-job use of his truck and automobile during 1951, the petitioner sustained thereon deductible depreciation of $275, incurred for gasoline and oil deductible expenses of $150, and incurred for casualty insurance a deductible expense of $20. During 1951 the petitioner paid California sales tax in the amount of $50 and paid Watkins & Klee $10 for preparing his 1950 income tax return. Opinion The evidence is clear that by the terms of his employment as foreman at Philbrick's lumber mill the petitioner was required to do, and that he did, certain on-the-job traveling by his own means of transportation *221 and at his own expense. In such a situation the depreciation of the petitioner's truck and automobile sustained as a result of their use in, the expenses for gasoline and oil used in, and the portion of the casualty insurance applicable to, such travel were deductible as ordinary and necessary expenses of petitioner's trade or business. In our findings we have set out the amounts deductible for the respective items. The expenses incurred in the use of the petitioner's automobile for marketing, doing the family shopping, taking a child to school and for other personal purposes were personal expenses and were not deductible in determining the tax liability of the petitioners. The evidence shows that the petitioner acquired the electric generator set to provide the house in which he lived with electricity in order that he could have electric lights instead of kerosene lights which he had formerly used. The cost of the generator set was a personal expense. Accordingly no deduction was allowable with respect to the depreciation or exhaustion of the set. The petitioners did not offer in evidence any books, vouchers, receipts or other records respecting the items of deduction in controversy. *222 Except for some stipulated facts, the evidence in the case consists of only a copy of the petitioners' return for 1951 and his testimony. Respecting his failure to have records available, he stated that the firm which prepared his return told him that he was not required to keep his records longer than 4 years and that accordingly he had burned them. In the foregoing situation we have applied the rule of , in making our findings as to the amounts of the various items involved. In their petition the petitioners have assigned certain errors and made certain allegations of fact, all of which the respondent has denied in his answer, and on brief have advanced certain contentions challenging the propriety of the administrative policy and procedures employed by the respondent prior to his determination of the deficiency here involved and challenging the propriety of his motives in making such determination. We have jurisdiction to consider and determine, and have considered and determined in the light of the evidence of record, the correctness of the respondent's determination of the deficiency here involved. However, we are without jurisdiction *223 to consider and determine the propriety of the administrative policy and procedures the respondent employed prior to making such determination or to consider and determine the propriety of his motives in making such determination. . Decision will be entered under Rule 50.